Cleata HINTON, Plaintiff-Appellee,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant-Appellant.

No. 12721.

United States Court of Appeals Seventh Circuit.

Dec. 7, 1959.

Rehearing Denied Jan. 7, 1960.

Eugene R. Johnson, Peoria, Ill., Eaton Adams, O. L. Houts, Chicago, Ill., Jordan A. Fifield, Peoria, Ill., for appellant. Miller, Westervelt & Johnson, Peoria, Ill., of counsel.

Lyle W. Allen, Boyd F. Goldsworthy, Peoria, Ill., for appellee. Heyl, Royster & Voelker, Peoria, Ill., of counsel.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge and PLATT, District Judge.

CASTLE, Circuit Judge.

Plaintiff-appellee, Cleata Hinton, brought suit against defendant-appellant, Chicago, Rock Island and Pacific Railroad Company, for damages for personal injuries incurred, allegedly because of the railroad's negligence, while she was alighting from its train. The parties will be referred to as plaintiff and defendant. A verdict for plaintiff in the amount of $10,000.00 was returned by the jury. The District Court entered judgment on the verdict. The defendant appealed and contends that the District Court erred in failing to grant defendant's motions for directed verdicts and for judgment notwithstanding the verdict.

The main contested issue is whether there was any evidence which, together with all the reasonable inferences that might be drawn therefrom, supports the jury's findings that negligence of the defendant was the proximate cause of plaintiff's fall and resulting injuries.

On December 10, 1955, plaintiff, a forty-seven year old woman, returned from Chicago to Peoria as a fare paying passenger on defendant's train known as the "Peoria Rocket". She had spent December 9 and 10 shopping in Chicago and carried a suitcase, a shopping bag containing parcels and her purse. The train had a capacity of 368 seats. At Chicago 322 passengers boarded the train. Before the train reached Peoria 126 passengers got off at intermediate stops and not more than one or two passengers boarded the train for Peoria. At least 196 passengers were discharged at Peoria. Upon the train's arrival in Peoria at 9:45 P.M. plaintiff moved to the vestibule of the car to alight from the train. She was carrying her suitcase, the shopping bag and her purse. Other passengers were in front of her and behind her. Plaintiff stopped in the vestibule of the car, immediately above the steps, to arrange the articles carried in one hand so as to have the other hand free for support. Passengers ahead of plaintiff were going down the steps; she waited until they were all down. A passenger who descended to the station platform just ahead of the plaintiff testified that the vestibule was fairly crowded when the witness got off; that there were at least four or five persons in the vestibule. There was a train attendant in uniform at the foot of the steps. Plaintiff started to give him her suitcase and before she had taken a step to go down someone pushed or shoved her from behind and she fell down the steps to the station platform.

On direct examination plaintiff testified:

"Q. Describe then, if you will, what happened. A. I was just pushed and I don't know what else happened.

"Q. What do you mean? 'you were pushed'? A. I was just—Someone pushed me and I fell.

"Q. Do you know who that person was? A. No, Sir.

"Q. And describe, as best you recall it, how you fell. A. I can't."

On cross-examination she testified:

"Q. You had not taken a step down, had you? A. No, Sir.

"Q. And then you were pushed from behind? A. Yes, Sir.

"Q. And that is what caused you to fall? A. The best I can remember. Yes.

"Q. Well, you didn't slip, did you? A. Well, when someone pushed me I don't know how I fell.

"Q. Well, you didn't slip on any oil, or grease or a pebble or a rock or anything of that kind, did you? A. Well, No. I guess—I don't know. I mean I was pushed. That's all I know.

"Q. Mrs. Hinton, the only reason you fell is because you were pushed, wasn't it? A. Well, I guess. I don't ride trains. I don't know. Somebody pushed me. I was pushed."

Plaintiff's eyesight was good and she had no trouble seeing where she was going. On plaintiff's left as she was about to descend the steps there was located a steel circular hand rail, and on the outside of the car were located two hand holds. Plaintiff did not see the hand rail. Plaintiff did not request assistance from the attendant in alighting from the train. There was no railroad employee or attendant in the car or in the vestibule as she was leaving.

██ In our view the record is devoid of any evidence which, viewed in the light most favorable to plaintiff, supports a conclusion that defendant's negligence was the proximate cause of plaintiff's fall and resulting injury. This is not a case like Walsh v. Chicago Railway Co., 294 Ill. 586, 128 N.E. 647, where the defendant's conduct in overcrowding its car was the basis for liability. In the instant case neither the train nor the car was over-crowded. That there were three or four other passengers behind plaintiff in the vestibule at the time she was alighting from the train does not, assuming defendant should have anticipated it, show a condition which defendant was under a duty to prevent. The defendant as a carrier was bound to exercise a high degree of care toward its passengers but there was no showing of circumstances which required defendant to exercise greater care toward plaintiff than it owed other members of the traveling public. The defendant's attendant was stationed at the foot of the steps in a position to assist alighting passengers.

Plaintiff was starting to give him her suitcase when someone pushed or shoved her causing her to fall.

We do not deem it necessary to consider plaintiff's contention that payment of medical and hospital bills by the defendant constituted an admission of liability. The record does not establish that defendant paid such bills.

██ We have carefully considered the entire record and it is our opinion that the District Court erred in refusing to grant defendant's motion for judgment notwithstanding the verdict.

The judgment of the District Court is reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.